UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY CARROLL, | CASE NO. 1:11-cv-01438-MJS (PC) |
| Plaintiff, | ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED |
| v. | (EFC NO. 12.) |
| U.S. POSTAL SERVICE, et al., | RESPONSE DUE BY MARCH 16, 2012 |
| Defendants. | |

_____/

On August 26, 2011, Plaintiff Wesley Carroll ("Plaintiff"), a prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983.[1]

Plaintiff has not paid the $350.00 filing fee, or submitted the correct application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

---

[1] The Court is unclear of the authority under which this action is filed; Plaintiff's Complaint refers to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971), as the underlying authority. Plaintiff appears to be in the custody of the Virginia Department of Corrections.

-1-

Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 6.)

## I.   FAILURE TO COMPLY WITH COURT ORDER AND FAILURE TO PROSECUTE

On January 11, 2012, the Court ordered Plaintiff to either submit the correct in forma pauperis application pursuant to 28 U.S.C. § 1915 or pay the $350 filing fee by February 27, 2012, and advised him that failure to comply would result in dismissal of this action. (ECF No. 12.)

Plaintiff has neither filed a correct application to proceed in forma pauperis, nor paid the $350.00 filing fee and is non-compliant with the Court's January 11th Order.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

Plaintiff has not responded to the Court's January 11, 2012 Order, even though the February 27, 2012 deadline contained in the Order has passed. (ECF No. 12.)

## II. THREE STRIKES

A review of the record of actions and appeals filed by Plaintiff in courts of the United States indicates that Plaintiff has filed three or more actions and appeals that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. These dismissals are final.

Section 1915 of Title 28 of the United States Code governs proceedings in forma pauperis. Section 1915(g) provides that:

> [I]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[2]

Determining whether a dismissal counts as strike under Section 1915(g) requires the Court to conduct a "careful examination of the order dismissing an action, and other relevant information," to determine if, in fact, "the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005).

The Court takes judicial notice of records and dockets in the following actions

---

[2] A district court's dismissal of a case does not count as a "strike" under Section 1915(g) until the litigant has exhausted or waived his opportunity to appeal. This means that a dismissal ripens into a "strike" for Section 1915(g) purposes on "the date of the Supreme Court's denial or dismissal of a petition for writ of certiorari, if the prisoner filed one, or from the date when the [90 day period] to file a petition for writ of certiorari expired, if he did not." Silva v. Di Vitorrio, 658 F.3d 1090, 1099 (9th Cir. 2011), citing to Hafed v. Fed. Bureau of Prisons, 635 F.3d 1172, 1176 (10th Cir. 2011). If no direct appeal is filed, a district court's dismissal counts as a strike from the date the time to file a direct appeal expires. Hafed 635 F.3d at 1175. Federal Rules of Appellate Procedure Rule 4; 28 U.S.C.A. § 2107 (2012).

dismissed for failure to state a cognizable claim under Section 1983.[3]  The Court has examined these dismissals and finds each dismissal to be a strike under 28 U.S.C. § 1915(g):

  1. Carroll v. Heinz, No. 89-CV-70 (D.D.C. Docs. 6, 10), dismissed for failure to state a claim, with final judgment of dismissal on April 24, 1995.

  2. Carroll v. Heinz, No. 89-CV-71 (D.D.C. Doc. 4, 8), dismissed for failure to state a claim, with final judgment of dismissal on April 25, 1995.

  3. USA ex rel. Carroll v. Children and Youth Services, No. 00-2106 (3rd Cir.), appeal dismissed pursuant to 28 U.S.C. Section 1915(e)(2)(B), with final judgment of dismissal entered on April 4, 2001.[4]

Therefore, Plaintiff should be precluded from proceeding in forma pauperis unless he was, at the time the Complaint was filed, under imminent danger of serious physical injury. The Court has reviewed Plaintiff's Complaint and, based on the allegations therein it appears that Plaintiff does not meet the imminent danger exception. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). "[T]he [imminent danger] exception applies if the complaint makes a plausible allegation that the prisoner faced an "imminent danger of serious physical injury at the time of filing." Andrews, 493 F.3d at 1055. The Ninth Circuit has found that "requiring a prisoner to 'allege [ ] an ongoing

---

[3] A court "may take [judicial] notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992).

[4] Section 1915(e)(2) also requires appellate courts to dismiss all appeals that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008); Thompson v. Drug Enforcement Admin., 492 F.3d 428, 436 (D.C. Cir. 2007).

danger' ... is the most sensible way to interpret the imminency requirement." Id. (quoting Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998). To meet his burden under Section 1915(g), the inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague or conclusory allegations of harm are insufficient." White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998).

Plaintiff's Complaint, which appears to complain of denial of access to courts, interference with prison mail, denial of equal protection, and denial of accommodation under the Americans with Disabilities Act contains no facts demonstrating ongoing or imminent serious physical injury. (Compl. p. 1-4, ECF No. 1.)

### III.    CONCLUSIONS AND ORDER

Plaintiff has failed to comply with the Court's January 11, 2012 Order and failed to prosecute this action.

Plaintiff has three or more strikes and therefore was subject to Section 1915(g) before he filed this action.  His complaint does not demonstrate imminent danger of serious physical harm to allow Plaintff to proceed in forma pauperis.

Accordingly, Plaintiff shall, by March 16, 2012, either pay the $350 filing fee or show cause as to why he should not be precluded from proceeding in forma pauperis and this action be dismissed.

It is HEREBY ORDERED THAT:

1.    Plaintiff shall, by March 16, 2012, either pay the $350 filing fee or show

cause as to why he should not be precluded from proceeding in forma pauperis, and this action be dismissed. Plaintiff is hereby on notice that failure to meet this deadline will result in dismissal of this action.

IT IS SO ORDERED.

Dated: February 29, 2012                /s/ *Michael J. Seng*
ci4d6                                           UNITED STATES MAGISTRATE JUDGE