UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

WESLEY CARROLL,

         Plaintiff,

   v.

U.S. POSTAL SERVICE, et al.,

         Defendants.

_____/

CASE NO. 1:11-CV-01438-MJS (PC)

ORDER DISMISSING ACTION FOR
FAILURE TO COMPLY WITH COURT
ORDER AND FAILURE TO PROSECUTE

(EFC NO. 19)

CLERK TO CLOSE FILE

On August 26, 2011, Plaintiff Wesley Carroll, a prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983.[1] Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 6.) Plaintiff has not paid the $350.00 filing fee, or submitted the correct application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 notwithstanding repeated Orders of the Court that he do so. (ECF Nos. 9, 12.)

The Court issued an Order to Show Cause requiring that Plaintiff, by March 16, 2012, either pay the $350 filing fee or show cause as to why he should not be precluded

---

[1] The Court is unclear of the authority under which this action is filed; Plaintiff's Complaint variously refers to <u>Bivens vs. Six Unknown Agents</u>, 403 U.S. 388 (1971) as the underlying authority. Plaintiff appears to be in the custody of the Virginia Department of Corrections.

-1-

from proceeding in forma pauperis and this action be dismissed. (ECF No. 19.) Plaintiff was expressly advised that a failure to meet the deadline would result in dismissal of his action. (Id.) The March 16, 2012 deadline has passed and Plaintiff has not paid the $350 filing fee or otherwise responded to the Court's Order to Show Cause.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a Court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987); Ferdik, 963 F.2d at 1260-61;

-2-

1    Ghazali, 46 F.3d at 53.

2          In the instant case, the Court finds that the public's interest in expeditiously

3    resolving litigation and the Court's interest in managing its docket weigh in favor of

4    dismissal. In these respects, the Court simply can not, and will not, indulge this Plaintiff's

5

6    disregard of its Orders.  The third factor, risk of prejudice to the Defendants, also weighs

7    in favor of dismissal, since a presumption of injury arises from delay in resolving an

8    action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor --

9    public policy favoring disposition of cases on their merits -- is greatly outweighed by the

10   factors in favor of dismissal discussed herein.

11

12         Given Plaintiff's non-responsiveness to the Court's earlier Orders and his pro se

13   status, "less drastic alternatives" other than those taken to date (i.e., repeated Orders to

14   comply) do not exist and the ultimate sanction of dismissal is warranted.  Malone, 833

15   F.2d at 132-33.

16         Based on the foregoing, it is HEREBY ORDERED that:

17   1.     Plaintiff's action be dismissed without prejudice for failure to comply with

18          Court Order and failure to prosecute.

19

20   2.     All pending motions are denied as moot.

21   3.     The Clerk shall close the case.

22

23   IT IS SO ORDERED.

24

25   Dated:   March 20, 2012          /s/ Michael J. Seng

26   ci4d6                          UNITED STATES MAGISTRATE JUDGE

27

                                    -3-